# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| NIKRANDT, ROBERT CLARK | § | Case No. 14-24319 |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on       . The undersigned trustee was appointed on             .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                 $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]            $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $____, and now requests reimbursement for expenses of $____, for total expenses of $_____[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/Elizabeth C. Berg, Trustee_____
                                                       Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 14-24319 | CAD | Judge: CAROL A. DOYLE | Trustee Name: | Elizabeth C. Berg, Trustee |
|---|---|---|---|---|---|
| Case Name: | NIKRANDT, ROBERT CLARK | | | Date Filed (f) or Converted (c): | 06/30/14 (f) |
| | | | | 341(a) Meeting Date: | 07/28/14 |
| For Period Ending: | 03/09/15 | | | Claims Bar Date: | 02/09/15 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 3 bedroom 8 total room single family residence 140 | 330,837.00 | 330,837.00 | | 0.00 | FA |
| 2. Checking Acct #285 BMO Harris 300 S Randall Rd St | 100.00 | 100.00 | | 6,000.00 | FA |
| 3. 50% interest in misc household goods and furnishin | 800.00 | 800.00 | | 0.00 | FA |
| 4. Necessary clothing of adult male Debtor's residenc | 400.00 | 400.00 | | 0.00 | FA |
| 5. Term life ins. with $50,000 death benefit Equitabl | 0.00 | 0.00 | | 0.00 | FA |
| 6. Term life ins. with $500,000 death benefit Genwort | 0.00 | 0.00 | | 0.00 | FA |
| 7. 48% ownership of Grace Lightning Express Inc Grace | 0.00 | 0.00 | | 0.00 | FA |
| 8. 2010 Harley Davidson Ultra Classic Electric Glide | 12,800.00 | 1,193.00 | | 0.00 | FA |
| 9. Settlement of UST Claim (u) | 0.00 | 1,500.00 | | 1,500.00 | FA |
| TOTALS (Excluding Unknown Values) | $344,937.00 | $334,830.00 | | $7,500.00 | Gross Value of Remaining Assets $0.00 |

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

A few days prior to the bankruptcy filing, the Debtor sold his 2007 BMW to CarMax for $10,000; then, the Debtor made
multiple payments to creditors including Kane County Recorder for property taxes, a mortgage payment payments to credit
cards; neither the sale of the BMW nor the pre-petition transfers were disclosed in the Debtor's schedules or SOFA;
and, additionally, the Debtor did not testify to these facts at the initial 341 meeting; when the Trustee learned of the
sale of the vehicle and the pre-petition transfers, the Trustee investigated and pursued turnover of the balance in the
Debtor's bank account as of the Petition Date; ultimately, the Trustee settled with the Debtor pursuant to this Court's
order dated 12/19/14; the UST filed a motion for sanctions against the Debtor's attorney for failing to disclose the
sale of the vehicle and the transfers; UST and Debtor's attorney settled and the Debtor's attorney turned over the
settled amount; Trustee reviewed claims and prepared the TFR

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | | |
|---|---|---|
| Case No: | 14-24319   CAD   Judge: CAROL A. DOYLE | Trustee Name:   Elizabeth C. Berg, Trustee |
| Case Name: | NIKRANDT, ROBERT CLARK | Date Filed (f) or Converted (c):   06/30/14 (f) |
| | | 341(a) Meeting Date:   07/28/14 |
| | | Claims Bar Date:   02/09/15 |

Initial Projected Date of Final Report (TFR): 12/31/05    Current Projected Date of Final Report (TFR): 12/31/15

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| Case No: | 14-24319 -CAD | | Trustee Name: | Elizabeth C. Berg, Trustee |
| --- | --- | --- | --- | --- |
| Case Name: | NIKRANDT, ROBERT CLARK | | Bank Name: | Associated Bank |
| | | | Account Number / CD #: | *******6586 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******8991 | | | |
| For Period Ending: | 03/09/15 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 11/25/14 | 2 | ROBERT C NIKRANDT<br>CATHERINE NIKRANDT<br>1406 CORRIGAN STREET<br>ELBURN, IL 60119 | SETTLE - EQUITY IN BANK ACCOUNT | 1129-000 | 6,000.00 | | 6,000.00 |
| 12/05/14 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.00 | 5,990.00 |
| 12/22/14 | 9 | EDGAR P. PETTI P.C.<br>ATTORNEY AT LAW (CLIENT TRUST ACCOUNT)<br>PETTI MURPHY & ASSOCIATES<br>22 S. 4TH STREET, SUITE 2<br>GENEVA, IL 60134 | SETTLEMENT OF UST CLAIM | 1249-000 | 1,500.00 | | 7,490.00 |
| 01/08/15 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.00 | 7,480.00 |
| 02/06/15 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 11.12 | 7,468.88 |
| 02/20/15 | 001001 | Arthur B. Levine Company<br>Adams Levine<br>60 East 42nd Street<br>New York NY 10165 | 2015 Bond Premium | 2300-000 | | 6.37 | 7,462.51 |
| 03/06/15 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.03 | 7,452.48 |

|  |  |  |  |
| --- | --- | --- | --- |
| COLUMN TOTALS | 7,500.00 | 47.52 | 7,452.48 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 7,500.00 | 47.52 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 7,500.00 | 47.52 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
| --- | --- | --- | --- |
| Checking Account (Non-Interest Earn - ********6586) | 7,500.00 | 47.52 | 7,452.48 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 7,500.00 | 47.52 | 7,452.48 |
| Page Subtotals | 7,500.00 | 47.52 | |

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 2
Exhibit B

| Case No: | 14-24319 -CAD | Trustee Name: | Elizabeth C. Berg, Trustee |
| Case Name: | NIKRANDT, ROBERT CLARK | Bank Name: | Associated Bank |
| | | Account Number / CD #: | *******6586  Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******8991 | | |
| For Period Ending: | 03/09/15 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals   0.00   0.00

Page 1

**EXHIBIT C**
**ANALYSIS OF CLAIMS REGISTER**

Date: March 09, 2015

Case Number: 14-24319
Debtor Name: NIKRANDT, ROBERT CLARK

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class / Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|
| 001 2100-00 | Elizabeth C. Berg, Trustee<br>c/o Baldi Berg, Ltd.<br>20 N. Clark Street #200<br>Chicago IL 60602 | Administrative | $1,500.00 | $0.00 | $1,500.00 |
| 001 3110-00 | Baldi Berg, Ltd.<br>20 N. Clark Street, Ste. 200<br>Chicago, IL 60602 | Administrative<br>Voluntarily reduced amount requested--actual fees incurred total $9,494.50 | $3,164.00 | $0.00 | $3,164.00 |
| 001 3120-00 | Baldi Berg, Ltd.<br>20 N. Clark Street, Ste. 200<br>Chicago, IL 60602 | Administrative | $13.62 | $0.00 | $13.62 |
| BOND 999 2300-00 | Arthur B. Levine Company<br>Adams Levine<br>60 East 42nd Street<br>New York NY 10165 | Administrative | $6.37 | $6.37 | $0.00 |
| | Subtotal for Class Administrative | | $4,683.99 | $6.37 | $4,677.62 |
| 000001 070 7100-00 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | $14,096.69 | $0.00 | $14,096.69 |
| 000002 070 7100-00 | Fifth Third Bank<br>1830 East Paris S.E., MS #RSCB3E<br>Grand Rapids, Michigan 49546 | Unsecured<br>Fifth Third Bank<br>PO Box 9013<br>Addison, Texas 75001<br>Notice address per POC--payment address updated from POC on 3/7/15 | $10,490.52 | $0.00 | $10,490.52 |
| 000003 070 7100-00 | Capital Recovery V, LLC<br>c/o Recovery Management Systems Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami FL 33131-1605 | Unsecured<br>(3-1) H H GREGG/GECRB | $786.00 | $0.00 | $786.00 |
| 000004 070 7100-00 | PYOD, LLC its successors and assigns as<br>assignee<br>of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | Unsecured | $17,570.91 | $0.00 | $17,570.91 |
| 000005 070 7100-00 | Portfolio Recovery Associates, LLC<br>Successor to US BANK NATIONAL<br>POB 12914<br>Norfolk, VA 23541 | Unsecured<br>ASSOCIATION ND (US BANK)<br>POB 41067<br>Norfolk, VA 23541<br>Notice address per POC--payment address updated per POC on 3/7/15 | $12,473.96 | $0.00 | $12,473.96 |
| | Subtotal for Class Unsecured | | $55,418.08 | $0.00 | $55,418.08 |

| Page 2 | | EXHIBIT C ANALYSIS OF CLAIMS REGISTER | | | | Date: March 09, 2015 |
|---|---|---|---|---|---|---|

Case Number:   14-24319                           Claim Class Sequence
Debtor Name:   NIKRANDT, ROBERT CLARK

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| | Case Totals: | | | $60,102.07 | $6.37 | $60,095.70 |

Code #:   Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 14-24319
Case Name: NIKRANDT, ROBERT CLARK
Trustee Name: Elizabeth C. Berg, Trustee

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
| --- | --- | --- | --- |
| Trustee Fees: Elizabeth C. Berg, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg, Ltd. | $ | $ | $ |
| Attorney for Trustee Expenses: Baldi Berg, Ltd. | $ | $ | $ |
| Other: Arthur B. Levine Company | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank | $ | $ | $ |
| 000002 | Fifth Third Bank | $ | $ | $ |
| 000003 | Capital Recovery V, LLC | $ | $ | $ |
| 000004 | PYOD, LLC its successors and assigns as | $ | $ | $ |
| 000005 | Portfolio Recovery Associates, LLC | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance        $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE